Eastern District of Kentucky
FILED

MAR 1 5 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-144-JBC

ROBERT G. STRATTON, M.D.,                                                          PLAINTIFF

V.                          **MEMORANDUM OPINION AND ORDER**

AMERICAN BOARD OF
  FAMILY PRACTICE, INC.,                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Robert G. Stratton, M.D., is a licensed physician in Fleetwood, Pennsylvania;

defendant American Board of Family Practice, Inc., (hereafter "ABFP"), is a Missouri corporation

with its principal place of business in Lexington, Kentucky. This court has jurisdiction in this matter

pursuant to 28 U.S.C. § 1332, by reason of diversity of citizenship between the parties.

This action stems from the defendant's decision not to permit plaintiff to sit for the ABPF

board-certification examination in July of 2000, resulting in his not being a Board-certified Family

Practice physician. Plaintiff, *pro se*, asserts claims against the defendant for breach of unilateral

contract (Count I), promissory estoppel/part performance (Count II), negligent misrepresentation

(Count III), and intentional misrepresentation (Count IV).

Plaintiff seeks specific performance of the contract, compensatory damages, interests, and

costs.

## II. THE DISCOVERY DISPUTE

This matter is before the court on plaintiff's motion to compel discovery from defendant.[1]

More particularly, plaintiff contends that defendant's objections to some of the Interrogatories he

served to it on October 3, 2004, and to which defendant responded on December 3, 2004, are not

---

[1]  Pursuant to numerical paragraph 5 of the district court's Scheduling Order entered
herein on August 26, 2004, all discovery disputes were referred to the Magistrate Judge for
resolution. [DE #8].

proper objections and that defendant should be compelled to answer the Interrogatories to which it objected. Plaintiff also requests the impositions of sanctions against defendant for having to file the present motion to compel.

In response, defendant submits that all of the discovery requests at issue are improper and seek information and documents outside the scope of permissible discovery; therefore, plaintiff's motion to compel should be denied.

At the outset, the Magistrate Judge notes that prior to filing the motion to compel discovery, the parties failed to comply with numerical paragraph 5 of the Scheduling Order, which outlines the procedure for resolving disputes, and states in relevant part, as follows:

> . . . Discovery disputes shall be resolved in the following manner: (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge; (3) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the court. Any written motions regarding discovery shall include the certification required by Rule 37(a)(2)(A), if applicable.

Order, pp. 1-2 [DE #8].

Prior to filing the motion to compel discovery, plaintiff did not contact the Magistrate Judge to schedule a telephone conference call with defendant's counsel for the purpose of attempting to resolve informally the present discovery dispute. Thus, plaintiff's motion to compel is technically procedurally defective and could be denied as such. However, with an approaching discovery deadline of April 1, 2005, in the interests of judicial economy, the Magistrate Judge will consider plaintiff's motion to compel on the merits.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Thus, to resolve this discovery dispute, it is necessary to review the discovery requests at issue, defendant's responses thereto, and any subsequent correspondence between the parties concerning these

discovery requests. The discovery requests that are the subject of this motion to compel and defendant's responses thereto are set out below:

1.   **INTERROGATORY NO. 1:** Identify all U.S.-licensed physicians, who were not U.K. nationals, and who did not complete an ACGME approved Family Practice residency, who applied for ABFP certification after obtaining Membership in Good Standing with the RCGP, but before the 1997 amendment of ABFP's Reciprocity Agreement with the RCGP to add the eligibility requirement of a Certificate of Prescribed/Equivalent Experience issued by the Joint Committee on Post Graduate Training for General Practice?

   a. What are the names, addresses and phone numbers of these individuals?

   **ANSWER:** Defendant objects to this interrogatory on the grounds that (1) it is overly broad, unduly vague and ambiguous, and unduly burdensome, if not impossible to answer, (2) the information is privileged, confidential, and in some instances protected by other applicable statutes, and (3) the information is not in any manner whatsoever material or relevant to this matter.

By letter dated December 22, 2004, plaintiff requested defendant to be more specific as to its objection that this interrogatory was vague or ambiguous and to inform him how this information is "privileged, confidential, and in some instances protected by other applicable statutes." Plaintiff asserted that the requested information is "most certainly material and relevant to this matter," and offered to enter into a non-disclosure agreement.

Defendant did not elaborate on its stated objection to this interrogatory and did not supplement its answer to this interrogatory, resulting in the motion to compel.

In support of his motion to compel, plaintiff states that defendant's objection thereto lacks the requisite specificity required by Fed.R.Civ.P. 33(b)(1); therefore, defendant should be compelled to answer.

In response to plaintiff's motion to compel, defendant asserts that disclosure of the information requested would violate its Statement of Privacy Policy and that irrespective of the Privacy Policy, production of the requested information would be unduly burdensome because, even though defendant believes only a handful of applicants meet the criteria outlined in this interrogatory, the compilation of this information would likely require an exhaustive manual review of hundreds, if not thousands, of applicant files to determine which applicants meet the criteria specified in this

interrogatory. Additionally, defendant notes that its Privacy Policy requires that it notify any physician affected prior to the disclosure of confidential information; therefore, if it were to disclose the requested information, it would have the additional burden of notifying each physician whose personal information is going to be disclosed. Finally, defendant objects to this interrogatory on the grounds that it seeks information that is irrelevant to this litigation.

Upon review of this matter, the Magistrate Judge concludes that all of defendant's objections to Interrogatory No. 1 are well taken, particularly its objection as to burdensomeness and relevancy. The requested information concerning similarly situated physicians as plaintiff is irrelevant to plaintiff's claims for breach of unilateral contract, promissory estoppel, negligent misrepresentation, and intentional misrepresentation. For these reasons, defendant's objections to Interrogatory No. 1 are sustained.

2.      **INTERROGATORY NO. 2:** Identify all U.S.-licensed physicians, who were not U.K. nationals, and who did not complete an ACGME approved Family Practice residency, who applied for ABFP certification after obtaining Membership in Good Standing with the RCGP, but after the 1997 amendment of ABFP's Reciprocity Agreement with the RCGP to add the eligibility requirement of a Certificate of Prescribed/Equivalent Experience issued by the Joint Committee on Post Graduate Training for General Practice?

        a. What are the names, addresses and phone numbers of these individuals?

        **ANSWER:** Defendant objects to this interrogatory on the grounds that (1) it is overly broad, unduly vague and ambiguous, and unduly burdensome, if not impossible to answer, (2) the information is privileged, confidential, and in some instances protected by other applicable statutes, and (3) the information is not in any manner whatsoever material or relevant to this matter.

The only difference between the foregoing interrogatory and Interrogatory No. 1 is that the information requested in Interrogatory No. 1 concerned physicians applying for ABFP certification *before* the 1997 amendment of ABFP's Reciprocity Agreement with the RCGP and Interrogatory No. 2 seeks the same information for physicians applying for ABFP certification *after* the 1997 amendment in question.

Defendant has asserted the same objections to Interrogatory No. 2 as it did to Interrogatory No. 1. For all of the reasons stated above in the analysis of plaintiff's motion to compel as it

concerned Interrogatory No. 1 and defendant's objections thereto, the Magistrate Judge concludes

that defendant's objections to Interrogatory No. 2 are equally meritorious and are sustained.

3.  **INTERROGATORY NO. 6**: Please provide a copy of the minutes of the entire ABFP Credentials Committee meeting of 2/14/2000.

> **ANSWER:** Because a meeting of the ABFP Credentials Committee was not held on February 14, 2000, Defendant will assume that Plaintiff's interrogatory refers to the Credentials Committee meeting held on February 10, 2004 [sic]. Defendant objects to this interrogatory on the grounds that it seeks the production of documents or materials that are (1) privileged, confidential, and in some instances protected by other applicable statutes, and (2) the documents or materials are not in any manner whatsoever material or relevant to this matter.
>
> Without waiving the foregoing objections, the portion of the Minutes relating to the Plaintiff will be made available for inspection and copying at the offices of Wallingford Law, P.S.C., upon reasonable notice, or, alternatively, the portion of the Minutes will be duplicated and delivered to Plaintiff.

Defendant objected to this request primarily because it sought the production of the "entire" minutes of the February 10, 2000 Credentials Committee meeting. Defendant points out that production of the entire minutes as requested would require disclosure of the discussion and action by the Credentials Committee on cases of other physicians involving a variety of matters which were before the Credentials Committee that day. Defendant notes that it has an obligation to maintain the information concerning other physicians as strictly confidential and that the information regarding these other physicians is of a sensitive and personal nature and can involve information regarding physician misconduct, physician licensing and qualification issues, as well as private medical information (as in the case of requests for testing accommodation under the Americans with Disabilities Act). Therefore, disclosure of the "entire" Credentials Committee meeting minutes would violate defendant's Privacy Policy. Defendant also submits that the portion of the minutes concerning the Credential Committee's review of cases of other physicians has no relevance to this action. Defendant points out that it has produced to plaintiff a copy of that portion of the requested minutes that pertains to plaintiff.

Upon review of this matter, the Magistrate Judge concludes that defendant's objections to Interrogatory No. 6 are well taken. The disclosure of the "entire" Credentials Committee meeting

minutes would violate defendant's Privacy Policy, and the "entire" minutes are irrelevant to this action. The defendant has produced that portion of the Credentials Committee meeting minutes that pertains to plaintiff, which is the only part of the minutes that is relevant herein. For these reasons, defendant's objections to Interrogatory No. 6 are sustained.

4.      **INTERROGATORY NO. 7:** Identify and attach copies of all corporate documents for ABFP, Inc., including but not limited to:

a - bylaws; and

b - corporate resolutions and minutes from board of directors meetings, committee meetings, and subcommittee meetings, which refer or relate to Plaintiff or ABFP-RCGP reciprocity agreement.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly vague and ambiguous, and the material or documents are neither material nor relevant to this matter. The Defendant further objects to the interrogatory on the grounds that production of the material would be unduly burdensome to produce.

Without waiving the foregoing objections, the portion of the Minutes of Board meetings applicable to the Plaintiff will be made available for inspection and copying at the offices of Wallingford Law, P.S.C., upon reasonable notice, or, alternatively, the applicable portion of the Minutes of Board meetings will be duplicated and delivered to Plaintiff, upon reasonable notice.

In objecting to this request, defendant asserts that it is improper because it fails to specify the items requested with reasonable particularity in that it requests "all corporate documents" for defendant. Defendant points out that since it is a corporation which has been in existence since 1969, virtually any document or record generated or maintained by it in the past 35 years regarding its business or activities could be considered a "corporate document." Defendant also notes that this request encompasses "corporate documents" which are protected by applicable privileges, such as attorney-client and work product.

Upon review of this matter, the Magistrate Judge concludes that this type of "blanket" request is one of those requests that courts have consistently deemed to be improper. *See In re: Dayco Corp. Derivative Securities Litigation*, 102 F.R.D. 468 (S.D. Ohio 1984) (blanket request for "all financial records" is overbroad); *International Commodities Corp. v. International Ore & Fertilizer Corp.*,

30 F.R.D. 58 (S.D. N.Y. 1961) (plaintiff's blanket demand for production of all papers belonging to corporate defendant and its allied subsidiaries with no limitation on scope, time, or reasonable category would be denied). Clearly, plaintiff's request for all corporate documents defendant has compiled during the past 35 years, with no established time frame, is overly broad and unduly burdensome. Additionally, plaintiff has not shown how "all corporate documents" would be relevant to this action.

In response to this request, defendant provided plaintiff with copies of the portions of minutes of Board meetings and Board action relating to plaintiff and the amendment of the Reciprocity Agreement. Defendant also advises that it is willing to permit plaintiff to inspect and copy other relevant and non-privileged "corporate records" if plaintiff can specify these documents with reasonable particularity sufficient to give it some indication of what is being requested.

The Magistrate Judge concludes that defendant's response to Interrogatory No. 7 is sufficient and that its objection thereto is meritorious and will be sustained.

5.   **INTERROGATORY NO. 8:** Please identify all documents within the knowledge, custody or control of ABFP other than documents prepared in anticipation of litigation or trial which contain facts or opinions relevant to the incidents asserted in plaintiff's complaint, stating:

a - the date of the document and the name and address of the person or persons making same;

b - the title and a short description of the document sufficient to identify the contents or subject matter;

c - the person who presently has custody or control of the document.

**ANSWER:** Defendant objects to this interrogatory on the grounds that (1) it is overly broad, unduly vague and ambiguous, and unduly burdensome, if not impossible to answer, (2) the information is privileged, confidential, and in some instances protected by other applicable statutes, and (3) the information is not in any manner whatsoever material or relevant to this matter.

Without waiving the foregoing objections, the Defendant has attached and delivered to Plaintiff copies of all documents contained in the file of Defendant, as specifically identified on the attached Schedule 8 to these Answers. To the extent a document is available but is not being disclosed due to a claim of Objection by Defendant, the document is identified and the Objection is noted on the Schedule.

Defendant objects to the foregoing discovery request for reasons similar to its objection to Interrogatory No. 7, *viz.,* this type of "blanket request" is overbroad, vague, ambiguous, and does not describe the items requested with reasonable particularity.

Upon review of this matter, the Magistrate Judge concludes that this type of "blanket" request is one of those requests that courts have consistently deemed to be improper. *See Dynatron Corp. v. U.S. Rubber Co.,* 27 F.R.D. 480 (D. Conn. 1961) (request for "all data relating to certain facts" is improper); *Balistrieri v. O'Farrell,* 57 F.R.D. 567, 569 (E.D. Wis. 1972) (request for simply "file pertaining to the defendants" is improper); *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193 (N.D. W.Va. 2000) (a document request is not reasonably particular if it merely requests documents "related to a claim or defense" in the litigation). The document request made in Interrogatory No. 8 does not describe the items or documents sought with reasonable particularity as required by Fed.R.Civ.P. 34.

In response to this request, defendant provided plaintiff with copies of all documents in its files relating to plaintiff and the amendment of the Reciprocity Agreement.

The Magistrate Judge concludes that defendant's response to Interrogatory No. 8 is sufficient and that its objection thereto is meritorious and will be sustained.

6.      **INTERROGATORY NO. 10:** Please identify and attach copies of all information in your files on Robert Stratton, Robert G. Stratton or Robert G. Stratton, Jr.

   **ANSWER:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly vague and ambiguous.

   Without waiving the foregoing objections, the Defendant has attached and delivered to Plaintiff copies of all documents contained in the file of Defendant.

In responding to plaintiff's motion to compel, defendant asserts the same argument and objection made concerning Interrogatory No. 8. Additionally, regardless of its objection to Interrogatory No. 10, defendant has produced to plaintiff copies of all documents in its file that pertain to him.

The Magistrate Judge concludes that defendant's response to Interrogatory No. 10 is sufficient and that its objection thereto is meritorious and will be sustained.

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery from defendant [DE #9] is **DENIED**.

This ___15ᵗʰ___ day of March, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE